**Opinion issued June 18, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00457-CR

————————————

**KEISHA MARIE HARMON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 252nd District Court
of Jefferson County, Texas
Trial Court Cause No. 10-08764

## MEMORANDUM OPINION

Appellant, Keisha Marie Harmon, pleaded guilty to state jail felony offense of securing execution of a document by deception with a plea agreement of deferred adjudication, $2500 in restitution and $2690 in administrative fees, and placement on community supervision for three years. *See* TEX. PENAL CODE ANN.

§ 32.46 (West 2010). The State subsequently moved to revoke the community supervision. After a hearing, the trial court found true the State's allegations that Harmon had violated the conditions of her community supervision, revoked it, and sentenced her to two years' confinement. Harmon's court-appointed appellate counsel filed a motion to withdraw along with a brief stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Harmon has not submitted a pro se reply brief. We have reviewed the record in its entirety and, having found no reversible error, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

## Background

In April 2010, the State charged Harmon by indictment with securing execution of a document by deception. In May 2010, she pleaded guilty to the offense with an agreed punishment recommendation of deferred adjudication and payment of $2500 in restitution. The court ordered deferred adjudication and placed Harmon under community supervision for a term of three years subject to a variety of conditions. In March 2012, the State moved to revoke Harmon's community supervision, alleging in eight counts that she violated its terms. After Harmon was arrested on March 28, 2012, the State added two more counts, namely (1) that Harmon committed the offense of public intoxication and (2) that Harmon

committed the offense of failure to identify—fugitive from justice, by failing properly to identify herself to the officer who arrested her for public intoxication. Harmon pleaded true to these two additional counts at the revocation hearing. The trial court found that Harmon violated these two terms, revoked her community supervision, and assessed her punishment at two years' confinement. Harmon timely filed her notice of appeal. The trial court certified Harmon's right to appeal by stating that this "is not a plea-bargain case, and the defendant has the right to appeal."

**Discussion**

The brief submitted by Harmon's court-appointed appellate counsel states his professional opinion that no arguable grounds for reversal exist, and any appeal would, therefore, lack merit. *Anders*, 386 U.S. at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel sent a copy of the brief to Harmon, requested permission to withdraw from the case, and notified Harmon of her right to review the record and file a pro se response. Harmon never filed a separate response.

When we receive an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine

3

that issue independently by conducting our own review of the entire record. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Any pro se response is also considered. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

Thus, our role in this *Anders* appeal, which consists of reviewing the entire record, is limited to determining whether arguable grounds for appeal exist. *See id.* at 827. If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* If we determine that arguable grounds for appeal do exist, Harmon is entitled to have new counsel address the merits of the issues raised. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *Bledsoe*, 178 S.W.3d at 826–28. Harmon may challenge the holding that there are no arguable grounds for appeal by petitioning

4

for discretionary review in the Court of Criminal Appeals. *Id.* at 827 & n.6.

Following *Anders* and *Bledsoe*, we have reviewed the record and counsel's *Anders* brief. We conclude that no reversible error exists. Consequently, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[*]

## Conclusion

We affirm the judgment of the trial court and grant appointed counsel's motion to withdraw.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[*] Appointed counsel still has a duty to inform appellant of the result of this appeal, send appellant a copy of this opinion and judgment, and notify appellant that she may, on her own, pursue discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 48.4; *see also Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.).